UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

AURELIO MANDALA,

                        Plaintiff,

        -against-

Police Officer MARITZA MENDEZ, Shield No. 4169; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Aurelio Mandala ("plaintiff" or "Mr. Mandala") is a resident of Queens County in the City and State of New York.

7. Defendant Police Officer Maritza Mendez, Shield No. 4169 ("Mendez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mendez is sued in her individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 9:00 p.m. on April 30, 2013, plaintiff was lawfully

walking home from work in the area of 78-78 Putnam Avenue, in Queens, New York.

12. During this time, NYPD had been present in and around Mr. Mandala's neighborhood and a police barricade had been erected in the area, as part of an ongoing search for a suspect in a possible murder investigation.

13. At the time in question, defendant officer Mendez allowed Mr. Mandala onto the block to gain access to his home after work.

14. At some point thereafter, Mr. Mandala left his home to help his wife at a Laundromat down the block. As Mr. Mandala and his wife were returning home, plaintiff observed defendant Mendez arguing with his twelve-year-old son.

15. When Mr. Mandala asked what was going on, defendant Mendez demanded plaintiff's identification.

16. Mr. Mandala stated that he did not have his identification, but that it was right in his house where defendant had previously allowed him entry.

17. Suddenly and without probable cause or reasonable suspicion to believe plaintiff had committed any crime or offense defendant Mendez stated that plaintiff was under arrest.

18. When Mr. Mandala asked why he was being arrested, defendant Mendez responded, in sum and substance, "because I can."

19. Two officers came from behind plaintiff, threw him onto the ground and handcuffed him.

20. Defendants then lifted plaintiff off of the ground, grabbed Mr. Mandala violently around his neck and took him to a police vehicle.

21. Mr. Mandala was taken to the 104th Precinct and charged with obstruction of governmental administration, disorderly conduct and resisting arrest.

22. At the Precinct, defendants falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff engage in criminal activity and prepared false paperwork to that effect, including an arrest report.

23. At no point did the officers observe plaintiff commit any crime.

24. Before placing him in a cell with another prisoner, a defendant officer informed Mr. Mandala that the other prisoner was the suspect in the ongoing murder investigation in plaintiff's neighborhood.

25. For the next approximately twenty hours, Mr. Mandala was confined in the cell with the suspected murderer.

26. Mr. Mandala was terrified.

27. Eventually, the suspect confessed to plaintiff the grisly details of his alleged crime.

28. After some twenty hours, a defendant officer asked Mr. Mandala if he wanted to leave the cell. When Mr. Mandala said he was scared and wanted to leave, defendants ordered him to write a statement detailing what the suspect had confessed to him.

29.   Mr. Mandala complied and was then taken to Queens Central Booking.

30.   Mr. Mandala was arraigned in Queens County Criminal Court where the criminal charges were adjourned in contemplation of dismissal and immediately sealed.

31.   After approximately 25 hours in custody, plaintiff was released.

32.   Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of wages and damage to his reputation.

33.   Mr. Mandala continues to receive treatment, including psychiatric medication, for the emotional trauma caused by this incident.

## FIRST CLAIM
### Unlawful Stop and Search

34.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.   Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**False Arrest**

37.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

40.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.  The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

43.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual defendants created false evidence against plaintiff.

45. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

46. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Safety

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The individual defendants were aware of a risk to plaintiff's safety and failed to act in deliberate indifference to plaintiff's needs.

50. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's safety.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   August 13, 2013
         New York, New York

                                HARVIS WRIGHT
                                SALEEM & FETT LLP

                                _____
                                Baree N. Fett
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                bfett@hwsflegal.com

                                *Attorneys for plaintiff*